No. 07-685
Judge Merrow

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

BARUCH VEGA,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

# DEFENDANT'S MOTION TO DISMISS

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

DEBORAH A. BYNUM
Assistant Director

STEVEN M. MAGER
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L St. NW
Washington, D.C. 20530
Tele: (202) 616-2377

January 22, 2008

Attorneys for Defendant

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| BARUCH VEGA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 07-685 |
| | ) | (Judge Merrow) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**DEFENDANT'S MOTION TO DISMISS**

Pursuant to Rules 12(b)(1) and 12(b)(6) of the Rules of the United States Court of Federal Claims ("RCFC"), defendant respectfully requests that the Court dismiss plaintiff's complaint because this Court does not possess jurisdiction over plaintiff's claims, or, in the alternative, for failure to state a claim upon which relief can be granted. Dismissal is warranted because plaintiff's claims are untimely. Further, plaintiff cannot receive compensation from drug enforcement-related forfeitures by the DEA or FBI pursuant to the statute upon which Mr. Vega's action is based. In support of this motion, defendant relies upon plaintiff's complaint and the following brief and attachments.

**QUESTION PRESENTED**

(1) Whether the statute of limitations serves as a jurisdictional bar to this Court's authority to entertain Mr. Vega's complaint.

(2) Whether Mr. Vega can bring an action under 19 U.S.C. § 1619 to recover a portion of assets that were seized as part of the enforcement of drug laws.

# STATEMENT OF THE CASE

## I. Nature Of The Case

Plaintiff, Baruch Vega, brings this action pursuant to 19 U.S.C. § 1619 and seeks up to 25 percent of the value of property allegedly forfeited to defendant as part of drug law enforcement efforts.

## II. Statement Of Facts[1]

Mr. Vega alleges that he operated as a confidential informant for the Drug Enforcement Agency ("DEA") and the Federal Bureau of Investigation ("FBI"). Complaint ("Compl.") ¶ 5. Mr. Vega, however, asserts that he was "not a traditional informant," but that he played "the role of an intermediary (or broker) between Columbian drug traffickers" and the defendant. Compl. ¶¶ 6-7. As a result of his purported efforts, Mr. Vega claims that "[t]he United States obtained over a hundred federal drug convictions." Compl. ¶ 18.

More specifically, Mr. Vega claims to be responsible for recruiting 114 targets, and provides a list of 35 Columbian targets that he asserts were surrendered or made cooperating sources "within the past seven years alone" as a result of his assistance.[2] Compl. ¶¶ 16, 17. This list further stipulates that the most recent surrenders or recruitments occurred between 1997 and 2000. Compl. Ex. A.

---

[1] Solely for purposes of this motion, and without waiving defendant's right to contest any asserted facts, the facts alleged by Mr. Vega are deemed true. Foreman v. United States, 60 F.3d 1559 (Fed. Cir. 1995).

[2] While Mr. Vega asserts that he was most recently responsible for 35 surrenders or recruitments, the attached list appears to contain less that 35 names.

Mr. Vega seeks an award of 25% of the appraised value of any forfeited property per case, for each of the 114 cases he allegedly made for the defendant, for a sum total of $28,500,000. Compl. ¶¶ 19-20.

## ARGUMENT

### I. Standards Of Review

This Court must grant a motion to dismiss for lack of subject matter jurisdiction pursuant to RCFC 12(b)(1) when, in view of the record presented, "'it appears beyond doubt that the plaintiff can prove no set of facts in support of his [or her] claim which would entitle him [or her] to relief.'" McCauley v. United States, 38 Fed. Cl. 250, 262-63 (1997) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)), aff'd, 152 F.3d 948 (Fed. Cir.) (table), cert. denied, 525 U.S. 1032 (1998). Moreover, although the non-jurisdictional factual allegations, as pled, must be presumed true and viewed in the light most favorable to the plaintiff, the burden of establishing the Court's jurisdiction falls squarely upon the plaintiff. See McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 189 (1936); Alder Terrace, Inc. v. United States, 161 F.3d 1372, 1377 (Fed. Cir. 1998); Trauma Serv. Group v. United States, 104 F.3d 1321, 1324 (Fed. Cir. 1997); Bowen v. United States, 49 Fed. Cl. 673, 675 (2001) (noting that the plaintiff bears the burden of proof upon a motion to dismiss for lack of jurisdiction), aff'd, 292 F.3d 1383 (Fed. Cir. 2002).

Pursuant to RCFC 12(b)(6), the Court may dismiss a complaint if, as a matter of law, it fails to state a claim upon which relief can be granted. Unlike a RCFC 12(b)(1) disposition, however, "dismissal of plaintiff's complaint . . . for failure to state a claim does not have the legal effect of divesting this court of jurisdiction," and thus operates as a final adjudication, with

prejudice, upon the merits. American Nat'l Bank & Trust Co. v. United States, 22 Cl. Ct. 7, 18 (1990). The Supreme Court has provided that, to survive a motion to dismiss for failure to state a claim upon which relief can be granted, "factual allegations must be enough to raise a right to relief above the speculative level," upon the assumption that all the allegations in the complaint are true even if doubtful in fact. Bell Atlantic Corp. v. Twombly, 550 U. S. ____, 127 S. Ct. 1955, 1965 (2007) (citing 5 C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE §1216, pp. 235.236 (3d ed. 2004) ("[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action.")). Before a party is entitled to present facts in support of its claim, it must first establish that it has adequately stated a claim. Id. at 1969-70. Further, the Court should not place any weight upon any assertions in the complaint other than allegations of fact, because "legal conclusions, deduction, or opinions couched as factual allegations are not given a presumption of truthfulness." Rochman v. United States, 27 Fed. Cl. 162, 168 (1992) (citation omitted).

## II. This Court Does Not Possess Jurisdiction Over Mr. Vega's Claims Because His Claims Were Filed Outside Of This Court's Six-Year Statute Of Limitations

Mr. Vega's claims are barred by the six-year statute of limitations found in 28 U.S.C. § 2501. Section 2501 states that "[e]very claim of which the United States Court of Federal Claims has jurisdiction shall be barred unless the petition thereon is filed within six years after such claim first accrues." 28 U.S.C. § 2501. The six-year statute of limitations "is a jurisdictional requirement attached by Congress as a condition of the government's waiver of sovereign immunity and, as such, must be strictly construed." Hopland Band of Pomo Indians v.

United States, 855 F.2d 1573, 1577-78 (Fed. Cir. 1988). See John R. Sand & Gravel Co. v. United States, No. 06-1164, __ U.S. __, 2008 WL 65445 (Jan. 8, 2008) (holding that 28 U.S.C. § 2501 sets forth an "absolute" jurisdictional limitations period).

According to the allegations contained in his complaint, Mr. Vega's last effort as an informant occurred in 2000. Compl. Ex. A. While Mr. Vega alleges that he was responsible for 35 recruitments or surrenders within the past seven years, by his own admission, that seven year period ended in 2000. Id. Further, Mr. Vega's other 79 purported recruitments or surrenders would have occurred over seven years ago. Because Mr. Vega did not file his complaint until September 21, 2007, all of his claims are untimely, and this Court does not possess subject matter jurisdiction.

This reading of the complaint is consistent with the defendant's records regarding Mr. Vega.[3] If necessary to resolve the jurisdictional issues, the Court may examine relevant evidence beyond the pleadings. Moyer v. United States, 190 F.3d 1314, 1318 (Fed. Cir. 1999). According to the DEA's records, Mr. Vega was deactivated as a confidential source for unsatisfactory cooperation/behavior on April 19, 2000, after special agents from the FBI's Public Corruption Unit arrested Mr. Vega on March 22, 2000 upon obstruction of justice and money laundering charges. Def. App. 3-5. The DEA agents manual expressly provides that payments from the DEA are only made to established confidential sources and that confidential informants deactivated for unsatisfactory performance will not be considered for award payments or monetary compensation. Def. App. 6 (§ 6612.52 ¶¶ 1, 6). Accordingly, any judicial claim for an

[3] The allegations in Mr. Vega's complaint, however, are sufficient in of themselves to dismiss his complaint for lack of subject matter jurisdiction.

award payment from the DEA would have accrued by no later April 19, 2000. Mr. Vega's complaint, however, was not filed until September 21, 2007, over 17 months after the statute of limitations on his claims against the DEA had run.

Similarly, Mr. Vega was terminated as a CI by the FBI on February 1, 2000. Mr. Vega's file was closed because his cooperation was completed, and he was being investigated for criminal violations by the FBI's public integrity section. Def. App. 5. Accordingly, any judicial claim for an award payment from the FBI would have accrued by no later April 19, 2000. Mr. Vega's complaint, however, was not filed until September 21, 2007, over 19 months after the statute of limitations on his claims against the FBI had run.

Accordingly, we respectfully request that this Court dismiss Mr. Vega's complaint for lack of jurisdiction.

## III. Mr. Vega Fails To State A Claim Upon Which Relief Can Be Granted Because The Statute Upon Which He Relies Does Not Apply To Drug Enforcement By The DEA Or FBI

Even if Mr. Vega's complaint were timely filed, Mr. Vega's complaint should be dismissed because he relies upon a statute, 19 U.S.C. § 1619, pursuant to which he cannot receive the relief that he seeks. While this statute authorizes compensation, under enumerated circumstances, to individuals who provide information relating to customs law violations, this statute does not authorize compensation to individuals who provide information to the DEA or FBI relating to enforcement of drug and narcotics laws. Accordingly, Mr. Vega has failed to state a claim upon which relief can be granted, and dismissal is warranted.

Mr. Vega's complaint demonstrates that he can prove no set of facts which would entitle him to relief. The statute relied upon by Mr. Vega provides, in pertinent part:

> (a) In general, If –
>
> (1) any person who is not an employee or officer of the United States –
>
> (A) detects and seizes any vessel, vehicle, aircraft, merchandise, or baggage subject to seizure and forfeiture under the customs laws or the navigation laws and reports such detection and seizure to a customs officer, or
>
> (B) furnishes to a United States attorney, the Secretary of the Treasury or any customs officer original information concerning –
>
> (i) any fraud upon the customs revenue, or
>
> (ii) any violation of the customs laws or the navigation laws which is being, or had perpetrated or contemplated by any other person; and
>
> (2) such detection and seizure or such information leads to a recovery of –
>
> (A) any duties withheld, or
>
> (B) any fine, penalty, or forfeiture or property incurred;
>
> the Secretary may award and pay such person an amount that does not exceed 25 percent of the net amount so recovered.

19 U.S.C. § 1619(a). This particular statute has been held to be money mandating. Doe v. United States, 100 F.3d 1576 (Fed. Cir. 1996). Mr. Vega claims that this statute, entitles him to compensation for the information that he allegedly provided to the DEA and FBI.

Section 1619 provides no such relief. Mr. Vega alleges that he was responsible for "over a hundred federal drug convictions." Compl. ¶ 18. See also id. ¶ 7. By its express terms, however, the statute relied upon by Mr. Vega provides compensation for individuals providing

information relating only to enforcement of customs and navigation laws. Accordingly, Mr. Vega is not entitled to relief under 19 U.S.C. § 1619.

Indeed, this Court repeatedly has held that informants cannot bring actions under 19 U.S.C. § 1619 relating to drug enforcement prosecutions. Humlen v. United States, 49 Fed. Cl. 497, 508-09 (2001); Emmens v. United States, 44 Fed. Cl. 524 (1999); Sarlund v. United States, 39 Fed. Cl. 803 (1998); Nicolas v. United States, 35 Fed. Cl. 387 (1996). But see Doe v. United States, 47 Fed. Cl. 367 (2000). In Nicolas, for example, an informant claimed that he was entitled to 25 percent of the value of property seized as part of drug enforcement efforts by the Customs Service ("Customs"),[4] pursuant to 19 U.S.C. § 1619. 35 Fed. Cl. at 388. Citing the statutes and legislative history set forth above, the Court held that Mr. Nicolas could not state a claim for recovery under 19 U.S.C. § 1619 for property seizures that were related to drug enforcement efforts. Id. at 391. Similarly, in Sarlund, an informant claimed entitlement to 25 percent of the value of property seized as part of drug enforcement efforts by various agencies, including the DEA. Again, the Court held that the plaintiff could not state a claim for recovery pursuant to 19 U.S.C. § 1619. Similarly, here, Mr. Vega cannot recover pursuant to 19 U.S.C. § 1619 for the information he allegedly provided to the DEA and FBI which purportedly led to drug-related prosecutions.

The only case that held differently, Doe v. United States, 47 Fed. Cl. 367 (2000), is plainly distinguishable from the present case. In Doe, the Court held that when Customs has received information from an informant that results in a seizure pursuant to drug and narcotics

[4] The U.S. Customs Service, which was part of the Treasury Department at the time of the actions relevant to the complaint, is currently known as U.S. Customs and Border Protection and is part of the Department of Homeland Security. See 6 U.S.C. § 203; 6 U.S.C. § 211.

laws, a plaintiff may bring a claim pursuant to 19 U.S.C. § 1619.[5] However, in the present case, Mr. Vega alleges seizures by DEA and FBI, not Customs. This distinction is critical to the holding in Doe, because the Court's analysis focused upon the prefatory language of 19 U.S.C. § 1600 which states that "[t]he procedures set forth in sections 1602 through 1619 of this title shall apply to seizures of any property effected by Customs officers under any law enforced or administered by the Customs Service unless such law specifies different procedures." 19 U.S.C. § 1600 (emphasis added). While we respectfully disagree with Doe's conclusion that drug and narcotics law does not fall within the exception of laws that specify "different procedures," in the present case the question of such procedures is irrelevant, since DEA or FBI were the agencies that allegedly seized property pursuant to drug and narcotics law.

The payment of awards for a seizure by DEA or FBI in a drug enforcement action is governed by separate statutory provisions, which are not money mandating. Perri v. United States, 340 F.3d 1337 (Fed. Cir. 2003) (FBI). See also Salles v. United States, 156 F.3d 1383 (Fed. Cir. 1998) (DEA). Specifically, payments to confidential informants by these agencies may be made from the Asset Forfeiture Fund ("AFF"). Section 524 of Title 28 provided in pertinent part:

> (c)(1) There is established in the United States Treasury a special fund to be known as the Department of Justice Assets Forfeiture Fund (hereafter in this subsection referred to as the "Fund") which shall be available to the Attorney General without fiscal year limitation for the following law enforcement purposes-

---

[5] In so holding, the Court expressly disagreed with the holdings in Emmens v. United States, 44 Fed. Cl. 524 (1999); Sarlund v. United States, 39 Fed. Cl. 803 (1998), and Nicolas v. United States, 35 Fed. Cl. 387 (1996).

> (A) the payment, at the discretion of the Attorney General, of any expenses necessary to seize, detain, inventory, safeguard, maintain, advertise, sell, or dispose of property under seizure, detention, or forfeited pursuant to any law enforced or administered by the Department of Justice, or of any other necessary expense incident to the seizure, detention, forfeiture, or disposal of such property including –
>
> * * * *
>
> (B) the payment of awards for information or assistance directly relating to violations of the criminal drug laws of the United States or of sections 1956 and 1957 of title 18, section 5313 and 5324 of title 31, and section 6050I of the Internal Revenue Code of 1986;
>
> (C) at the discretion of the Attorney General, the payment of awards for information or assistance leading to a civil or criminal forfeiture involving any Federal agency participating in the Fund;

28 U.S.C. § 524, however, also provided that:

> Any award paid from the [Asset Forfeiture] Fund for information, as provided in paragraph (1)(B) or (C) shall be paid at the discretion of the Attorney General or his delegate, under existing departmental delegation policies for the payment of awards, except that the authority to pay an award of $250,000 or more shall not be delegated to any person other than the Deputy Attorney General, the Associate Attorney General, the Director of the Federal Bureau of Investigation, or the Administrator of the Drug Enforcement Administration. Any award for information pursuant to paragraph (1)(B) shall not exceed $250,000. Any award for information pursuant to paragraph (1)(C) shall not exceed the lesser of $250,000 or one-fourth of the amount realized by the United States from the property forfeited.

28 U.S.C. § 524(c)(2) (emphasis added).

In contrast with the customs moiety statute, this provision has been held by the United States Court of Appeals for the Federal Circuit to discretionary, and not money mandating. Perri, 340 F.3d 1337.

Accordingly, Mr. Vega has brought his claim under the incorrect statutory provision, and has not alleged facts which entitle him to a mandatory award payment pursuant to the correct statutory provisions. For these reasons, we respectfully request that plaintiff's complaint be dismissed for failure to state a claim upon which relief may be granted.

## CONCLUSION

For the foregoing reasons, defendant respectfully requests that this motion to dismiss be granted, and that plaintiff's complaint be dismissed because this Court does not possess subject matter jurisdiction over plaintiff's claims or, in the alternative, for failure to state a claim upon which relief can be granted.

Respectfully submitted,

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/ Deborah A. Bynum
DEBORAH A. BYNUM
Assistant Director

s/ Steven M. Mager
STEVEN M. MAGER
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor, 1100 L Street, NW
Washington, D.C. 20530
Tele: (202) 616-2377
Attorneys for Defendant

January 22, 2008

**CERTIFICATE OF FILING**

I hereby certify that on this 22nd day of January, 2008, a copy of the foregoing "MOTION TO DISMISS" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Steven M. Mager
STEVEN M. MAGER
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice