U.S. Department of Justice
Drug Enforcement Administration

# REPORT OF INVESTIGATION



| | | | |
|---|---|---|---|
| 1. Program Code | 2. Cross File / Related Files | 3. File No. CS-99-094409 | 4. G-DEP Identifier |
| 5. By: S/A Lawrence Castillo<br>At: DEA Group 43<br>Miami, Florida | | 6. File Title CONFIDENTIAL SOURCE | |
| 7. ☐ Closed ☐ Requested Action Completed<br>☐ Action Requested By: | | 8. Date Prepared 03/27/00 | |
| 9. Other Officers: S/A Dave Stephens | | | |
| 10. Report Re: Deactivation of CS-99-094409 for Unsatisfactory Cooperation/Behavior | | | |

**DETAILS:**

1. On March 22, 2000, Special Agents from the F.B.I. Public Corruption Unit arrrested CS-99-094409 for Obstruction of Justice and Money Laundering. It is alleged that CS-99-094409 was engaged in making false representations to prospective criminal defendants regarding cooperation agreements and the subsequent adjudication of the defendants' charges. As a result of this arrest, the CS will be deactivated unsatisfactorily. G/S Dave Tinsley and ASAC Ernesto Perez concur with the unsatisfactory deactivation of the CS.

2. Since the CS's establishment as a regular use CS, the CS has participated in the following investigations:

   G1-97-0106/XNC1I/GALLEGO, Gustavo
   (OPERATION CALI-MAN/SEP 583)

   G1-00-0108/XAC1I/GONZALEZ, Danilo

   CV-95-0015/QLC1I/STROH-AKERSTEIN, Jose

   GFZC-97-8001/OPERATION COSTA DE ORO

   ZE-98-0002/UEC1I/ASPRILLA-PEREA, Jorge

   ZE-98-0006/XEC1I/BERNAL-MADRIGAL, Alejandro

| | | |
|---|---|---|
| 11. Distribution:<br>Division DO(via Command Center) | 12. Signature (Agent)<br>S/A Lawrence Castillo | 13. Date 03/27/2000 |
| District SARI<br>Other Orig: MFD CSC | 14. Approved (Name and Title)<br>David Tinsley<br>Group Supervisor | 15. Date 3/27/2000 |

DEA Form - 6
(Jul. 1996)

DEA SENSITIVE
Drug Enforcement Administration

CA
1 - Prosecutor

This report is the property of the Drug Enforcement Administration.
Neither it nor its contents may be disseminated outside the agency to which loaned.

Previous edition dated 8/94 may be used.



MAR 30 2000

U.S. Department of Justice
Drug Enforcement Administration

| REPORT OF INVESTIGATION *(Continuation)* | 1. File No. CS-99-094409 | 2. G-DEP Identifier |
|---|---|---|
| | 3. File Title CONFIDENTIAL SOURCE | |
| 4. Page 2 of 2 | | |
| 5. Program Code | 6. Date Prepared 03/27/00 | |

(OPERATION MILLENNIUM)

ZL-00-0004/UECLF/PRZYVILLA, Federico

3. CY CAP REMAINING $94,000.00 LT CAP REMAINING $194,000.00

ASAC 4 Ernesto Perez — Date 3/27/00

ASAC 1 Sandalio Gonzalez — Date 3/28/00

Vincent J. Mazzilli — Date 3/29/00
Special Agent in Charge
Miami Field Division

DEA Form - 6a
(Jul. 1996)

DEA SENSITIVE
Drug Enforcement Administration

1 - Prosecutor

This report is the property of the Drug Enforcement Administration.
Neither it nor its contents may be disseminated outside the agency to which loaned.

Previous edition dated 8/94 may be used.

# CONFIDENTIAL SOURCE APPROVAL SHEET

FOR

DEACTIVATION UNSATISFACTORY/PROTECTED/WITNESS SECURITY/CAP INCREASE

**OMPP CONTROL #:** 00 OMPP 065

**CS NUMBER:** 99-094409

**TYPE** **DATE:** 4-17-00

____ REACTIVATION OF UNSATISFACTORY
_X_ UNSATISFACTORY
____ PROTECTED
____ WITNESS SECURITY
____ CAP INCREASE

**APPROVAL:**

_X_ POLICY & PROCEDURES UNIT (OMPP): [signature] / 4-18-2000
SIGNATURE DATE

_X_ OPERATIONS MANAGEMENT (OM): [signature] / 4/19/00
SIGNATURE DATE

_X_ DOMESTIC OPERATIONS (DO): [signature] / 4/19/00
SIGNATURE DATE

____ INTERNATIONAL OPERATIONS (OF): ____________ / ____________
SIGNATURE DATE

____ CHIEF OF OPERATIONS (OC): ____________ / ____________
SIGNATURE DATE

**UPON COMPLETION OF APPROVALS, PLEASE RETURN TO OMPP.**

## 6612.52 General Accounting

A. *Accounting and Control Procedures Governing Confidential Source Payments*

1. Any individual who is to be paid by DEA for information, *fees, security, expenses, services, awards, or rewards, or any other monies which accrue as income, whether the payment is in cash or any other item of value, must be established as a DEA CS. All payments with DEA-appropriated funds will be included in the Lifetime and Calendar Year Caps*.
2. Controlling Investigators will not make any promise to a CS regarding payment. Although CSs may be advised that they may be eligible to receive payment for their services, they must also be advised that any decision to compensate them is at the sole discretion of DEA management. Any deviation from this policy must be approved in writing by the appropriate SES level manager. If such an arrangement is determined necessary, then a written agreement regarding the terms and conditions of payment will be signed by the CS and the Controlling Investigators, with the concurrence of the SES level manager.
3. All payments to CSs shall be commensurate with the value of the information provided or the assistance rendered.
4. Reimbursement of expenses incurred by a CS should be based upon actual expenses incurred.
5. Under no circumstances shall any payments to a CS be contingent upon the outcome of a judicial proceeding *(e.g., conviction of a defendant)*. All records of payments to a CS who may later be called as a witness are generally subject to release to the defendant via the discovery process. If a federal prosecutor is prosecuting a case in which the CS is being utilized, the case agent will coordinate the payments in advance with the prosecutor, whenever practical.
6. A Defendant CS, or any CS declared "Unsatisfactory" in an instant investigation, generally will not be considered for award payments or monetary compensation. However, defendant CSs may be reimbursed for expenses incurred as a direct result of their cooperation in an investigation.
7. CSs may receive payments in currency, check, or electronic funds transfer. Currency is the most common method of payment. All payments made to CSs in currency will be made in the presence of two Controlling Investigators. If two Controlling Investigators are not available, another law enforcement officer or DEA employee must be requested to witness the payment. (A narrow exemption to the policy for payments made in foreign countries is detailed at 6612.53.) CSs receiving payments in currency will count the amount of currency in the presence of the Controlling Investigators before signing the DEA-103. Payments by check or electronic funds transfer will be documented by attaching a photocopy of the check or electronic funds transfer receipt to the green copy of the DEA-103.
8. Domestic CSs may only receive monetary payments as compensation for their cooperation. The provision of any other form of compensation by DEA is prohibited.
9. The following procedures will be followed to ensure the coordination of CS payment requests between DEA offices:

    a. Prior to initiating a request for payment by another office, the First Line Supervisor of the office making the request (referred to herein as the "Requesting Office") will contact the First Line Supervisor at the office requested to make the payment (referred to herein as the Payment Office) to ensure the availability of funds.
    b. The Requesting Office must send a teletype to the Payment Office specifying the CS number, the amount of funds to be paid, the full appropriation number to be charged, the payment category, case number, G-DEP identifier, and the date(s) of the DEA-6s that constitute the basis for payment to be indicated on the DEA-103.
    c. The Payment Office will not make payment prior to receipt of the teletype unless exigent circumstances exist. If exigent circumstances exist that necessitate immediate payment, the payment must be approved by the Second Line Supervisors of both offices. This situation

must be documented on the DEA-103 as well as the other required data, and the Requesting Office must forward the authorizing teletype within 24 hours of the payment.

d. The Requesting Office will maintain the green copy of the DEA-103 in the CS file and the Payment Office will retain the fiscal copy. Green copies of the DEA-103 will be sent by first class mail, return receipt requested. The return receipt will be filed in the Payment Office CS file.