**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

BARUCH VEGA,

Plaintiff,

v.

No. 07-685
(Judge Merrow)

THE UNITED STATES,

Defendant,
______________________________/

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS**

The Defendant's Motion to Dismiss asserts that this Court does not have jurisdiction over Mr. Vega's claim because the statute of limitations has allegedly run and because Mr. Vega has sued under the wrong statute.

Plaintiff, Baruch Vega ("Mr. Vega"), pursuant to Rule 7.2(c) of the Rules of the United States Court of Federal Claims, responds as follows:

**STATUTE OF LIMITATIONS**

Plaintiff's claims are well within the statute of limitations because this action *was* brought within the six year (6) statute of limitations. The Defendant contends that Mr. Vega's "termination date" of April 19, 2000 is the date of accrual, i.e. the commencement of the statute of limitation. Yet, the Defendant fails to cite a single case or any statutory language supporting this contention. The statute of limitations runs from the day on which the Defendant receives its last benefit from a witness's cooperation. Even to this date, and certainly within the past six (6) years, the Defendant continued to reap significant benefits from Mr. Vega's cooperation. The Defendant continues to use and benefit from Mr. Vega's cooperation and information beyond his termination date.

The Defendant agrees that this Court should examine all relevant evidence beyond the pleadings, specifically, any and all information provided by Mr. Vega relating to closed or currently ongoing investigations from April 19, 2000 through the present day. See Moyer v. U.S., 190 F.3d 1314, 18 (Fed.Cir. 1999) and Defendant's Motion to Dismiss p. 5. We could not agree more. The commencement of the statute of limitations can only be when the government agency ceases to benefit from a witness's cooperation and/or information because it is *only* after then that an analysis can be seriously made as to what the value of the cooperation/assistance has been and thus, what the appropriate reward should be.

In addition, Mr. Vega submits that "[w]hen ruling on a motion to dismiss based on the statute of limitations, the court must focus on the issue of "first accrual," *i.e*, that point at which events transpired "entitling the claimant to bring suit alleging the breach." Sankey v. U.S., 22 Cl. Ct. 743, 745 (1991). Furthermore, "[a] claim accrues, and the statute of limitations begins to run, when the underlying facts of a claim become known or knowable to plaintiff." Id. at 745. Therefore, since the underlying facts of Mr. Vegas claims, i.e. the full extent of the Defendant's use of Mr. Vega's cooperation and information is not completely known or knowable to Mr. Vega at this time, the statute of limitations cannot begin to run, and as such, Mr. Vega's claim is not barred. On his "termination date", Mr. Vega was never told he was not going to be compensated for cases he had initiated before such date and thus reasonably operated under the belief that he would still be paid for his "successful past performance". It was only after the passage of a few years with no such payment forthcoming, that Mr. Vega began to suspect that he might never be getting paid.

**PROPER STATUTE**

Mr. Vega's complaint was filed under the statutory provision of Title 19 U.S.C. §1619, which is really applicable to violations of the United States Customs laws. Mr. Vega was an informant for the Federal Bureau of Investigation and the Drug Enforcement Administration, cooperating by way of information on drug related cases and many of the cases he helped prosecute involved violations of the United States Customs laws. Therefore, Mr. Vega should be permitted to sue under Title 19 U.S.C.§1619. Although §1619 and §524 are very similar, the one difference is that §1619 is a money mandatory statute whereas §524 is a money discretionary statute. The Court should allow the complaint to proceed under 19 U.S.C. §1619. However, if the Court deems otherwise, then Mr. Vega would seek leave of court to amend his complaint to simply change the statute sued under from 19 U.S.C §1619 to 28 U.S.C. §524. Under this last scenario, the complaint should be dismissed without prejudice with leave to amend begin granted and Mr. Vega will amend his complaint within ten days of the date of such order.

**Conclusion**

For the foregoing reasons, Mr. Vega respectfully requests that Defendant's Motion to Dismiss be denied because this Court does in fact have subject matter jurisdiction over this matter as the statute of limitations has not barred an action from being brought.

The Complaint should not be dismissed based on Mr. Vega suing under the wrong statute .If this court dismisses the complaint then this Court should grant leave to Mr. Vega to sue under 28 U.S.C. §524.

Respectfully submitted;

s/ Richard J. Diaz, Esq.
Richard J. Diaz, Esq.
Attorney for Plaintiff
Richard J. Diaz, P.A.
3127 Ponce De Leon Blvd.
Coral Gables, FL 33134
(305) 444-7181

## CERTIFICATE OF SERVICE

I hereby certify that on this 22nd day of February, 2008, a copy if the foregoing was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may otherwise access this filing through the Court's system.

s/ Richard J. Diaz, Esq.
Richard J. Diaz, Esq.
Attorney for Plaintiff
Richard J. Diaz, P.A.
3127 Ponce De Leon Blvd.
Coral Gables, FL 33134
(305) 444-7181