**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| BARUCH VEGA,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 07-685<br>(Judge Merow) |

**DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO MOTION TO**
**<u>DISMISS & RESPONSE TO PLAINTIFF'S MOTION TO AMEND THE COMPLAINT</u>**

Pursuant to RCFC 7.2(a) and (c), defendant, the United States, respectfully submits its reply to plaintiff's response to defendant's motion to dismiss and response to plaintiff's motion to amend the complaint. In our motion to dismiss, we demonstrated that Mr. Vega's complaint was untimely, and should be dismissed because this Court does not possess subject matter jurisdiction over his claims. Further, we demonstrated that Mr. Vega's failed to state a claim upon which relief may be granted. Specifically, we established that Mr. Vega did not possess a claim pursuant to 19 U.S.C. § 1619, because he did not provide information to any Government officials regarding violation of the Customs or navigation laws. Accordingly, for the reasons set forth in our motion to dismiss and the reasons set forth below, this Court should dismiss Mr. Vega's complaint.

In the alternative, Mr. Vega moves to amend his complaint, to assert a claim pursuant to 28 U.S.C. § 524. However, because the allegations presented in Mr. Vega's motion are insufficient to establish that this Court possesses jurisdiction over such an amended claim,

amendment would be futile. Accordingly, we respectfully request that the Court deny Mr. Vega's motion to amend.

## I. Mr. Vega Fails To Demonstrate That His Claims Fall Within This Court's Jurisdictional Statute Of Limitations

As noted in our opening brief, when the issue of jurisdiction has been raised in the context of a dispositive motion, plaintiff bears the burden of establishing this Court's jurisdiction. See McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 189 (1936); Alder Terrace, Inc. v. United States, 161 F.3d 1372, 1377 (Fed. Cir.1998). Further, "[i]f his allegations of jurisdictional facts are challenged by his adversary in any appropriate manner, he must support them by competent proof." McNutt, 298 U.S. at 189. See also Mients v. United States, 50 Fed. Cl. 665, 670 ("Plaintiff should have offered some evidence in response to defendant's motion [to dismiss for lack of subject matter jurisdiction]. . . . Because plaintiff has offered no specific allegation . . ., no jurisdiction lies in this court").

Mr. Vega's response contains no competent proof that the jurisdictional facts upon which the Government's motion relies are incorrect. Nor does he contest any of the factual jurisdictional allegations contained in the complaint. Accordingly, Mr. Vega has conceded that he has not provided either the Drug Enforcement Agency ("DEA") or Federal Bureau of Investigation ("FBI") with original information since 2000. Further, Mr. Vega presents no competent evidence to demonstrate that either the FBI or the DEA may pay a terminated informant.

Instead, Mr. Vega argues that the statute of limitations "runs from the day on which the Defendant receives its last benefit from a witness's cooperation." Pl. Resp. 1. This argument,

however, is incorrect. The statute of limitations accrues when "all the events which fix the government's alleged liability have occurred and the plaintiff was or should have been aware of their existence." Hopland Band of Pomo Indians v. United States, 855 F.2d 1573, 1577 (Fed. Cir. 1988) (emphasis added). In other words, accrual focuses upon the creation of liability for a claim, not merely upon the termination of a benefit for the opposing party.

Assuming for the sake of argument that the allegations contained in the complaint are true, by the date of his termination, Mr. Vega would have met all the requirements of the statute for accrual of his moiety claim. Mr. Vega would have provided the DEA with any original information, and any seizures that had directly resulted from the provision of such information would have been effectuated.[1] Accordingly, his claims would have accrued by the date of his termination. Further, the date of his termination not only marks the end of Mr. Vega's relationship with the Government, but also would be the date that he suffered damage for any non-payment of money to which he was entitled, because the Government could not pay him after that date. Terteling v. United States, 167 Ct. Cl. 331, 338, 334 F.2d 250, 254 (1964).

To the extent that Mr. Vega raises a new allegation in his response that his information resulted in seizures after the date of his termination, he might have an argument that the statute of limitations did not accrue, at least for those claims that he identifies as resulting in a later seizure pursuant to Customs law. In this hypothetical, while Mr. Vega would have provided the Government with information prior to his termination, because the resultant seizure had not yet occurred, the Government's liability pursuant to the moiety statute had not yet been fixed.

[1] As set forth in more detail below, as a matter of fact, the Government cannot assert that all relevant seizures were made prior to Mr. Vega's termination, because according to the Government's records, there were no relevant seizures. See Def. Reply App. 1-4

However, Mr. Vega fails to support this new allegation with any competent evidence that a later seizure occurred (either by declaration or otherwise). As plaintiff has the burden of proof on a motion to dismiss for lack of subject matter jurisdiction, this failure to support his allegation is fatal to his claim.[2]

While the Government is not responsible for proving this claim for Mr. Vega, in responding to this new allegation, the Government has undertaken a review of Mr. Vega's confidential informant files. Such a review has revealed that neither the DEA nor FBI report or credit Mr. Vega with any seizures based upon information provided by Mr. Vega after his termination. See Def. Reply App. 1-4.

Mr. Vega further asserts that he was unaware that he was not going to be paid by the Government, and that therefore his claim does not accrue until some unspecified date. Ignorance of all of the facts does not toll the statute of limitations, a plaintiff need only be aware of sufficient facts to be aware that a wrong occurred. Japanese War Notes Claimants Assoc. v. United States, 178 Ct. Cl. 630, 634, 373 F.2d 356, 359 (1967). Indeed, it is not necessary that the plaintiff be fully apprised of the merits of his claim before filing suit. Catawba Indian Tribe of So. Carolina v. United States, 982 F.2d 1564, 1572 (Fed. Cir. 1993); Pratt v. United States, 50 Fed. Cl. 469, 475 (2001). See also Boling v. United States, 220 F.3d 1365, 1371 (Fed. Cir. 2000).

---

[2] It is notable that Mr. Vega does not even appear to allege that his original information resulted in seizures. Rather, from a reading of the complaint and response, Mr. Vega appears to be alleging that he placed the DEA and FBI in contact with "witnesses," who provided information that subsequently resulted in seizures. Such a claim, however, does not fall within the parameters of the moiety statute, which only provides for compensation for "original information." 19 U.S.C. § 1619(a).

Finally, Mr. Vega asserts that he could not know the full extent of his damages prior to filing his complaint. However, "it is not necessary for purposes of claim accrual that the claimant be able to calculate the precise, final quantum of damages" Alder Terrace, Inc. v. United States, 161 F.3d 1372 (Fed. Cir. 1998).

Accordingly, we respectfully request that the Court dismiss Mr. Vega's complaint for lack of subject matter jurisdiction.

## II. Mr. Vega Fails To Demonstrate That He Has Brought A Claim Within The Scope Of The Moiety Statute

In our opening brief, we demonstrated that informants cannot bring claims pursuant to 19 U.S.C. § 1619 for information provided solely in connection with drug enforcement prosecutions. Mr. Vega does not respond to this argument, and cites to no case law to the contrary. Accordingly, he has conceded this issue, and, to the extent that he is bringing an action under 19 U.S.C. § 1619 for information provided solely in connection with drug enforcement, we respectfully request that the Court dismiss his claims.

Instead, in his response, Mr. Vega presents a new factual allegation that he helped the FBI and DEA by providing information on drug related cases and by helping "prosecute [cases that] involved violations of the United States Customs laws." Compare Compl. ¶ 18 with Pl. Resp. at 3.

This new allegation, however, is not contained in Mr. Vega's original complaint, and he has not moved to amend his complaint to include this allegation (although he has moved to amend to add a different theory of recovery). "[I]t is axiomatic that a complaint may not be amended by the briefs in opposition to a motion to dismiss." Car Carriers, Inc. v. Ford Motor

Co., 745 F.2d 1101, 1107 (7th Cir. 1984). See also Lawmaster v. Ward, 125 F.3d 1341, 1345 n. 2 (10th Cir. 1997) (refusing to consider claim not raised in complaint); Michels v. United States, 72 Fed. Cl. 426, 431-32 (2006); Crest A Apartments, Ltd. II v. United States, 52 Fed. Cl. 607, 613 (2002) (refusing to consider claim asserted in summary judgment motion but not in complaint). Accordingly, this new contention has not been properly presented to the Court, and is entitled to no weight.[3]

Setting aside this flaw, Mr. Vega's new allegation still does not place his claim within the ambit of 19 U.S.C. § 1619. As demonstrated in our opening brief, the moiety statute only provides compensation when a non-Government employee "furnishes to a United States attorney, the Secretary of the Treasury or any customs officer original information concerning" either "any fraud upon the customs revenue" or "any violation of the customs laws or the navigation laws which is being, or had perpetrated or contemplated by any other person." 19 U.S.C. § 1619(a). Mr. Vega's new allegation does not provide that he furnished to a United States attorney, the Secretary of the Treasury, or any customs officer original information concerning any violations of the Customs or navigation laws. He does not allege that the Government seized any property as a result of violations of Customs or navigation law. At best, he merely alleges that he assisted the FBI and DEA in prosecuting cases that involved Customs law.

In the alternative, to the extent that Mr. Vega is permitted to present this new allegation through his response to our motion to dismiss, we respectfully request that the Court convert our motion to dismiss to a motion for summary judgment upon this matter. As noted in the attached

[3] Further, this new allegation is unsupported by any competent evidence, and is contrary to the evidence. See Def. Reply App. 1-4.

declaration, the Government also possesses no information that Mr. Vega had furnished to a United States attorney, the Secretary of the Treasury or any customs officer original information concerning either any fraud upon the customs revenue or any violation of the customs laws or the navigation laws. Def. Reply App. 1-4.

## III. The Court Should Deny Mr. Vega's Motion To Amend, As Such Amendment Would Be Futile

In the alternative, Mr. Vega argues that he should be permitted to amend his complaint to assert a violation of 28 U.S.C. § 524. While the Government agrees that this is the statute that governs payment for information provided to the DEA and FBI in connection with drug enforcement efforts, mere non-payment pursuant to this statute is not enough to establish that a claim against the United States over which this Court possesses jurisdiction. Because Mr. Vega does not allege sufficient facts to demonstrate that he possesses a claim in this Court, we respectfully request that the Court deny his motion to amend.

Rule 15(a) provides that, as here, after a response to the complaint has been served, "[a] party may amend [its] pleading only be leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires . . . ." RCFC 15(a). "The decision whether to allow leave to amend pleadings . . . is within the sound discretion of the trial court." First Interstate Bank of Billings v. United States, 61 F.3d 876, 881 (Fed. Cir. 1995); see Foman v. Davis, 371 U.S. 178, 182 (1962).

Although leave to amend is ordinarily "freely given when justice so requires," the scope of Rule 15(a) is far from unlimited. E.g., First Interstate, 61 F.3d at 881-82; Te-Moak Bands of W. Shoshone Indians of Nevada v. United States, 948 F.2d 1258, 1260-63 (Fed. Cir. 1991). To

the contrary, denial of a motion for leave to amend a complaint is warranted based upon the futility of the proposed amendment, as well as when (1) the movant has engaged in undue delay; (2) the movant has acted in bad faith; (3) the movant has acted with a dilatory motive; (4) the movant has repeatedly failed to cure deficiencies; or (5) the late amendment would unduly prejudice the opposing party. Foman, 371 U.S. at 182; see Mitsui Foods, Inc. v. United States, 867 F.2d 1401, 1403-04 (Fed. Cir. 1989).

"If the court believes that a proposed amendment would be futile, justice does not require that leave to amend be granted" Phillips v. United States, 77 Fed. Cl. 513, 520 (2007). A finding of futility "requires the Court to determine that the proposed amendment is subject to dismissal or so wholly and patently lacking in merit that it cannot possibly succeed." Centech Group, Inc. v. United States, 78 Fed. Cl. 658 (2007).

In the present case, Mr. Vega's motion for leave to amend would be futile, because this Court does not possess jurisdiction over his amended claim. This Court's jurisdiction to entertain claims and to grant relief depends upon, and is circumscribed by, the extent to which the United States has waived its sovereign immunity. United States v. Testan, 424 U.S. 392, 399 (1976). Specifically, this Court's jurisdiction is delineated by the Tucker Act, which provides that, sovereign immunity is waived only with respect to "claim[s] against the United States" that are "founded either upon the Constitution or any Act of Congress, or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). In contrast with 19 U.S.C. § 1619, 28 U.S.C. § 524 is not a money mandating statute, upon which a claim in this Court may be based. Perri v. United States, 340 F.3d 1337 (Fed. Cir. 2003) (FBI);

Salles v. United States, 156 F.3d 1383 (Fed. Cir. 1998) (DEA). 28 U.S.C. § 524 in itself does not provide this Court with jurisdiction over a claim for a violation of the statute. Rather, a plaintiff must assert an adequate independent basis for this Court's jurisdiction over his claim. Mr. Vega's complaint and response, however, fail to allege any basis for recovery that is within the scope of the Tucker Act.[4] While this Court has entertained claims for compensation from DEA and FBI informants in the past, in each of these cases, the informants alleged an adequate independent basis for the Court's jurisdiction over their claims. See, e.g., Doe v. United States, 58 Fed. Cl. 479, 482-83 (2003).

Because Mr. Vega's amended complaint would present a claim over which this Court does not possess jurisdiction, we respectfully request that the Court deny his motion to amend.

## CONCLUSION

For the foregoing reasons, defendant respectfully requests that this motion to dismiss be granted, and that plaintiff's complaint be dismissed because this Court does not possess subject matter jurisdiction over plaintiff's claims or, in the alternative, for failure to state a claim upon which relief can be granted. Further, we respectfully request that this Court deny Mr. Vega's motion to amend.

Respectfully submitted,

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

[4] Indeed, if permitted to change the statute upon which his claims are based, Mr. Vega's claims should be dismissed for lack of subject matter jurisdiction, as he has failed to identify a money mandating statute or other basis for this Court's jurisdiction over his claim.

JEANNE E. DAVIDSON
Director

s/ Deborah A. Bynum
DEBORAH A. BYNUM
Assistant Director

s/ Steven M. Mager
STEVEN M. MAGER
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor, 1100 L Street, NW
Washington, D.C. 20530
Tele: (202) 616-2377
Attorneys for Defendant

March 10, 2008

**CERTIFICATE OF FILING**

I hereby certify that on this 10th day of March, 2008, a copy of the foregoing "DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO MOTION TO DISMISS & RESPONSE TO PLAINTIFF'S MOTION TO AMEND THE COMPLAINT" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Steven M. Mager
STEVEN M. MAGER
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice