**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

BARUCH VEGA,

Plaintiff,

No. 07-685
(Judge Merrow)

v.

THE UNITED STATES,
Defendant,
_______________________________/

**DECLARATION OF LAWRENCE E. CASTILLO**

I, LAWRENCE E. CASTILLO, hereby declare and say:

1. I am a Special Agent with the U.S. Department of Justice, Drug Enforcement Administration ("DEA"). I have been employed in this position since July 1991. I am currently assigned to DEA's Miami Field Division, Enforcement Group 3.

2. From July 1997 to March 2000, I was assigned to the Miami Field Division's High Intensity Drug Trafficking Area ("HIDTA") Task Force Group 43. Group 43 was responsible for supervising and directing the activities of plaintiff, Baruch Vega, as a DEA confidential source. In addition, I have recently reviewed Mr. Vega's confidential source file.

3. The U.S. Customs Service had no operational role in any Group 43 investigation that I participated in, and I have no recollection or record of seizures for violation of the customs laws or the navigation laws. I have no recollection or record of any original information furnished to a United States attorney, the Secretary of the

Treasury or any customs officer by Mr. Vega concerning either any fraud upon the customs revenue or any violation of the customs laws or the navigation laws.

4. I have no independent recollection that Mr. Vega's confidential source file reported Mr. Vega as responsible for any government asset seizures. If a confidential informant is responsible for a seizure, it will normally be documented in his file. I have since reviewed Mr. Vega's confidential source file and verified that no government asset seizures are mentioned in or credited to Mr. Vega in his confidential source file after or before February 1, 2000.

5. I have reviewed Exhibit A attached to Mr. Vega's complaint. Mr. Vega did not supply any first-hand information to me resulting in the seizure of assets from any of the names of individuals under the "DEA" heading in Exhibit A.

I declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing statements made by me are true and accurate to the best of my information and belief.

L. E. Castillo
Lawrence E. Castillo
Special Agent
Drug Enforcement Administration

03/07/2008
Date

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| BARUCH VEGA,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | Case No. 07-685-C<br><br>DECLARATION OF<br>J. RICHARD KIPER |

DECLARATION OF J. RICHARD KIPER
FEDERAL BUREAU OF INVESTIGATION

I, J. Richard Kiper, declare as follows:

(1) I am a Special Agent ("SA") in the Miami Field Office of the Federal Bureau of Investigation ("FBI"). Since my arrival in the Miami Field Office in 1999, I have worked on both criminal and national security matters. I became a Special Agent with the FBI in 1999, and currently serve as the Associate Confidential Human Source Coordinator for the Miami Field Office, a position I have held since August of 2007.

(2) I provide this declaration based upon my personal knowledge, upon information provided to me in my official capacity, and upon conclusions and determinations reached and made in accordance therewith.

(3) On or about September 8, 2007, Baruch Vega filed a complaint against the United States alleging that he was an informant for both the FBI and the Drug Enforcement Administration ("DEA") within the meaning of 19 U.S.C. § 1619, and assisted the United States in 114 cases which he claims totaled between $250 million to $500 million in forfeited case and assets to the U.S. See *Baruch Vega v. United States* Complaint ("Vega Complaint") ¶¶ 5, 16-18. Plaintiff's claims against the United States include a list of seven individuals he claims cooperated or surrendered to the FBI between 1997 - 2000. See *Exhibit "A"* to Vega Complaint.

(4) I have reviewed FBI confidential human source records and other documents pertaining to Mr. Vega's relationship with the FBI. This review did not reveal any records indicating that Mr. Vega had furnished United States attorney, the Secretary of the Treasury or any customs officer original information concerning either any fraud upon the customs revenue or any violation of the customs laws or the navigation laws.

(5) Additionally, this review revealed that on or about July 16, 1997, Mr. Vega was credited with convincing Julio Fierro to surrender himself to U.S. authorities. There is no further information available regarding the surrender. FBI records do not show any information connecting Mr. Vega to the surrender or cooperation of any of the other six individuals listed on plaintiff's exhibit "A" FBI list.

(6) Finally, this review revealed that there were no government seizures reported or credited to any original information provided by Mr. Vega, after or before February 1, 2000. If a confidential informant is responsible for a seizure, it will normally be documented in his file.

(7) I declare, under penalty of perjury, that the foregoing is true and correct to the best of my knowledge.

Executed this 6th day of March, 2008.

J. Richard Kiper
Special Agent
Federal Bureau of Investigation
Miami, Florida