# In the United States Court of Federal Claims

No. 07-685 C

(Filed June 12, 2008)

| | |
|---|---|
| BARUCH VEGA, | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) |
| THE UNITED STATES, | ) |
| Defendant. | ) |

## ORDER

Plaintiff Baruch Vega ("Vega") asserts in his Complaint that he was a confidential informant for the Federal Bureau of Investigation ("FBI") and the Drug Enforcement Administration ("DEA") in connection with federal drug trafficking and money-laundering investigations of Columbian drug dealers. (Compl. ¶¶ 5-7.) Vega alleges that because of his efforts, the United States obtained over one hundred drug convictions resulting in forfeited cash, real estate, jewelry and art estimated to be worth between $250 million and $500 million. (*Id.* ¶ 18.) Citing 28 U.S.C. § 1619, Vega concludes he is entitled to an award of twenty-five percent of the appraised value of these forfeited properties, subject to a $250,000 limitation per case. (*Id.* ¶ 19.)

Defendant's Motion to Dismiss filed January 22, 2008, alleges Vega's Complaint fails to state a claim upon which relief can be granted because the moiety[1/] statute, 19 U.S.C. § 1691, cited in his Complaint, authorizes compensation, under enumerated circumstances, to individuals who provide information concerning violations of customs or navigation laws. The statute does not authorize compensation for information provided to the DEA or FBI concerning the drug or narcotics investigations alleged in the Complaint.

The statute Vega relies upon provides in relevant part:

(a) In general

---

[1/] "Moeity, in customs law, refers to a payment made to an informant who assists in the seizure of contraband." *Black's Law Dictionary* 1021 (7th ed. 1999).

If –

(1) any person who is not an employee or officer of the United States –

(A) detects and seizes any vessel, vehicle, aircraft, merchandise, or baggage subject to seizure and forfeiture under the customs laws or the navigation laws and reports such detection and seizure to a customs officer, or

(B) furnishes to a United States attorney, the Secretary of the Treasury or any customs officer original information concerning–

(i) any fraud upon the customs revenue,

or

(ii) any violation of the customs laws or the navigation laws which is being, or has been perpetrated or contemplated by any other person; and

(2) such detection and seizure or such information leads to a recovery of –

(A) any duties withheld, or

(B) any fine, penalty, or forfeiture of property incurred;

the Secretary may award and pay such person an amount that does not exceed 25 percent of the net amount so recovered.

19 U.S.C. § 1619(a).

Vega's Complaint does not assert any customs fraud or violation of customs or navigation laws upon which any right to compensation under this statute could rest. Defendant's Motion asserts that "factual allegations must be enough to raise a right to relief above the speculative level," and the factual allegations in plaintiff's Complaint are simply insufficient to establish anything other than a DEA or FBI

investigation, neither of which trigger jurisdiction in this court under the money-mandating provision of 19 U.S.C. § 1691.

While there are statutes governing DEA and FBI informants, they are not money-mandating. 28 U.S.C. § 524. *See Perri v. United States*, 340 F.3d 1337, 1341-43 (Fed. Cir. 2003) (statute was money-authorizing, not money-mandating, therefore this court lacked jurisdiction over claim for reward).

In his Response to Defendant's Motion to Dismiss, Vega admits that Section 1619 is money-mandating and Section 524 is not. He continues to rely on Section 1619, adding only that "many of the cases he helped prosecute involved violations of the United States Customs laws." (Pl.'s Resp. 3.) He also requested leave to file an Amended Complaint to invoke Section 524. (*Id.*)

In its Reply, defendant reiterated that Vega's Complaint simply does not allege that he supplied any information concerning violation of customs or navigational laws; accordingly, he failed to state facts sufficient to support a claim under Section 1619, and dismissal for failure to state a valid cause of action under RCFC 12(b)(6) was warranted. Amendment of his Complaint to assert a right to compensation under Section 524 would be futile defendant adds, because, as Vega concedes, that statute is not money-mandating; therefore, this court would lack subject matter jurisdiction over such a claim.

In its March 26, 2008 Order, the court granted Vega the opportunity to amend his Complaint to address these asserted factual and legal deficiencies. As stated, detailed facts of entitlement to relief are not necessary, however, Vega must assert more than speculative facts from which relief could be granted in order to avoid dismissal. *See Bell Atl. Corp. v. Twombly*, __ U.S. __, 127 S. Ct. 1955, 1964-65 (2007); *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1356 (Fed. Cir. 2007); *In re Elevator Antitrust Litigation*, 502 F.3d 47, 50-51 (2d Cir. 2007); *May v. United States*, 80 Fed. Cl. 442, 445 (2008). Vega's Complaint does not proffer requisite facts. He does not allege that he furnished to a United States Attorney, the Secretary of the Treasury, or any customs officer original information concerning any violations of customs or navigational laws, and that such information lead to the recovery of duties withheld, fines, penalties or forfeiture. The March 26th Order gave Vega until April 18, 2008 to file an Amended Complaint. Nothing was filed.

The Order dated May 7, 2008, extended the time for Vega to file an Amended Complaint to May 23, 2008, and warned that "[f]ailure to comply with this Order may result in an involuntary dismissal pursuant to RCFC 41(b). Vega did not file an Amended Complaint nor seek other relief from the court.

Accordingly, it is **ORDERED** that**:**

(1) Defendant's Motion to Dismiss is **GRANTED** in that Vega's Complaint fails to state a claim upon which relief can be granted (RCFC 12(b)(6)) and plaintiff's actions in proposing to file an Amended Complaint, but not responding when provided extended time for this pleading, also supports dismissal pursuant to RCFC 41(b).

(2) The Clerk shall enter final judgment dismissing plaintiff's Complaint with no costs assessed.

s/ James F. Merow
James F. Merow
Senior Judge