**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| BARUCH VEGA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 07-685 |
| | ) | (Senior Judge Merow) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO SET ASIDE JUDGMENT AND ORDER OF DISMISSAL**

Pursuant to Rules 7.2(a) and 60(b) of the Rules of the United States Court of Federal Claims ("RCFC"), defendant, the United States, respectfully submits its response to plaintiff's motion to set aside judgment and order of dismissal. Because this Court's order was properly entered and because plaintiff's motion fails to demonstrate excusable neglect, we respectfully request that the Court deny plaintiff's motion.

RCFC 60(b) provides that this Court "may relieve a party or a party's legal representative from a final judgment, order, or proceeding for . . . mistake, inadvertence, surprise, or excusable neglect." RCFC 60(b)(1). The United States Court of Appeals for the Federal Circuit has held that this Court should consider three factors in deciding a RCFC 60(b) motion for relief from the judgment: (1) whether the non-defaulting party will be prejudiced; (2) whether the defaulting party has a meritorious defense; and (3) whether culpable conduct of the defaulting party led to the default. Information Systems & Networks Corp. v. United States, 994 F.2d 792, 795 (Fed. Cir. 1993).[1] This Court is required to conduct a balancing approach to these factors, "'taking

[1] As detailed below, however, this Court did not merely enter a default judgment, but dismissed for some of the reasons set forth in the Government's motion to dismiss.

account of all relevant circumstances surrounding the party's omission.'" Id. (quoting Pioneer Inv. Services Co. v. Brunswick Associates Ltd. Partnership, 507 U.S. 380, 395 (1993). Mere failure to file a response to the Court's order, without more, does not preclude relief pursuant to RCFC 60(b). Id. at 796.

In the present case, these factors balance against providing plaintiff with the relief requested. First, given that the incidents that give rise to Mr. Vega's yet unspecified claims are over eight years old, the Government is prejudiced by plaintiff's continued failure to articulate his purported 28 U.S.C. § 524 claim. The Government cannot prepare for a case that Mr. Vega has not set forth, and discovery is made extremely difficult by this lapse between the time that plaintiff's claims first arose and his eventual articulation of his claims. Indeed, while Mr. Vega first requested to amend his complaint on February 22, 2008, to date neither the Court nor the Government has been made aware of the allegations that purportedly give rise to Mr. Vega's theoretical 28 U.S.C. § 524 claims. For each day that plaintiff has failed to articulate his claim, memories fade, employees retire, and evidence is lost, making any discovery exceedingly more difficult.

Nor does Mr. Vega's motion indicate that he possesses a meritorious claim to be heard by this Court. Mr. Vega still sets forth no claims within this Court's jurisdiction and has failed to state a claim. As this Court properly held, Mr. Vega does not state a claim pursuant to 19 U.S.C. § 1691, because the statute does not authorize compensation for information provided to the DEA or FBI concerning the drug or narcotics investigations. Mr. Vega's motion cannot and does not assert that the Court erred in this respect.

To the extent that Mr. Vega seeks to set aside the judgment merely to permit him to file an amended complaint pursuant to 28 U.S.C. § 524, Mr. Vega still fails to demonstrate that he has any meritorious claims pursuant to this statute. A party bringing a motion for relief from judgment has the burden of proving a meritorious defense and is required to set forth some factual contentions upon which his defense may be based. American Metals Service Export Co. v. Ahrens Aircraft, Inc., 666 F.2d 718, 720 (1st Cir. 1981). Mr. Vega fails to do so.

Indeed, as the Government previously established, a motion for leave to amend would be futile because this Court does not possess jurisdiction over Mr. Vega's amended claim. 28 U.S.C. § 524 is not a money mandating statute upon which a claim in this Court may be based. Perri v. United States, 340 F.3d 1337 (Fed. Cir. 2003) (FBI); Salles v. United States, 156 F.3d 1383 (Fed. Cir. 1998) (DEA). Accordingly, 28 U.S.C. § 524 in itself does not provide this Court with jurisdiction over a claim for a violation of the statute. Rather, a plaintiff must assert an adequate independent basis for this Court's jurisdiction over his claim. Mr. Vega's complaint, response to our motion to dismiss, and motion for relief from the Court's judgment, however, all fail to allege any basis for recovery that is within the scope of the Tucker Act.

In the alternative, Mr. Vega does not possess a meritorious claim because his case has been filed well outside of the applicable statute of limitations, as previously set forth in our motion to dismiss.

Finally, plaintiff's counsel is culpable for his failure to receive notice of the Court's order. Plaintiff's counsel make no showing that his alleged failure to receive this Court's orders was because of a problem with this Court's electronic filing/electronic case management system. See Rodgers v. Watt, 722 F.2d 456 (9th Cir. 1983) (excusable neglect where clerk of the court

failed to provide notice and improperly docketed documents, and plaintiff repeatedly checked court's docket sheet). Nor does plaintiff's counsel contend failure of effective service of the Court's March 26, 2008 or May 7, 2008 orders. See RCFC 77(d), App. E, ¶ 23. Instead, he merely asserts that he failed to receive notice because he willfully decided to employ spam filtering software that would block some e-mail, including notices from the Court. However, "a party who takes deliberate action with negative consequences . . . will not be relieved of the consequences when it subsequently develops that the choice was unfortunate." Cashner v. Freedom Stores, Inc., 98 F.3d 572, 577 (10th Cir. 1996); see also Negron v. Celebrity Cruises, Inc., 316 F.3d 60 (1st Cir. 2003) ("routine carelessness by counsel leading to a late filing is not enough to constitute excusable neglect").

Federal courts[2] have been reluctant to hold that lack of notice because of the use of a spam filter constitutes excusable neglect. See Tobin v. Granite Gaming Group II, LLC, 2008 WL 723337 (D. Nev. 2008); Roofer's Local No. 20 Health & Welfare Fund v. Memorial Hermann Hosp. Sys., 2007 WL 912591 (W.D. Mo. 2007); In re Philbert, 340 B.R. 886 (N.D. Ind. 2006). But see Harris v. United States, 2008 WL 413881 (D. Colo. 2008) (reinstating case without comment, but dismissing for lack of subject matter jurisdiction). As the court correctly noted in In re Philbert, 340 B.R. 886:

---

[2] While the above referenced cases were decided pursuant to Federal Rule of Civil Procedure 60, rather than RCFC 60, the United States Court of Appeals for the Federal Circuit has held that "Rule 60(b) of the Claims Court is a virtual duplicate of Federal Rule of Civil Procedure 60(b)." Information Systems, 994 F.2d at 795 n.3.

> It is incumbent upon attorneys to adopt internal office procedures that ensure the court's notices and orders are brought to their attention once they have been received. . . . This is just as true in these days of electronic noticing as it was when things were sent by first class mail. To rely on procedures that treat the court's electronic notices as the functional equivalent of junk mail is not acceptable. Furthermore, it is counsel's responsibility to monitor the progress of their cases and the court's docket.

340 B.R. at 890-91 (citations omitted).

Spam filters, including the specific filtering programs employed by plaintiff, have the ability to direct possible spam to a separate folder, where it may be reviewed prior to being deleted. See Def. App. 2, 5, 6, 8. Plaintiff's declarations do not provide whether this option was exercised, but, if it was, plaintiff's counsel apparently failed to check this folder.

In addition, if plaintiff's counsel was setting up an unknown e-mail intercept system, plaintiff's counsel should have been routinely checking the Court's docket. He did not. He could have provided the Court's clerk with an additional or alternate e-mail address for the receipt of orders. He did not. In short, plaintiff's counsel did nothing to ensure he would be timely made aware of the Court's order on the pending motions to dismiss and to file an amended complaint.

Finally, plaintiff's counsel was on notice that his spam filters were intercepting valid e-mails. As plaintiff's counsel has acknowledged, "[t]he spam issue my office experienced during this time compromised the delivery of many e-mails . . . I had clients complain that they had sent me e-mails but I had not responded." Diaz Decl. ¶¶ 8, 9. Despite such knowledge, plaintiff's counsel made no effort to review or monitor the filtered e-mails, or simply check the Court's

docket regarding the pending motions.[3] Even if the willful failure to set up an internal system to ensure a response to the Court's orders in itself constituted "excusable neglect," plaintiff's failure after notice that there was a problem with such system does not. It was only 21 days after plaintiff's counsel received notice of judgment that he finally filed a (non-responsive) motion for relief with the Court.

For these reasons, we respectfully request that the Court deny plaintiff's motion to set aside judgment and order of dismissal.

Respectfully submitted,

GREGORY G. KATSAS
Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/ Deborah A. Bynum by Harold D. Lester, Jr.
DEBORAH A. BYNUM
Assistant Director

s/ Steven M. Mager
STEVEN M. MAGER
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor, 1100 L Street, NW
Washington, D.C. 20530
Tele: (202) 616-2377
Attorneys for Defendant

July 21, 2008

[3] Nor can plaintiff's counsel claim to be inexperienced with electronic filing systems, and the possible problems that may arise with notice by electronic mail. Def. App. 9-10 (failure of electronic mail notice), 11-14, 15-16.

**CERTIFICATE OF FILING**

I hereby certify that on this 21st day of July, 2008, a copy of the foregoing "DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO SET ASIDE JUDGMENT AND ORDER OF DISMISSAL" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Steven M. Mager
STEVEN M. MAGER
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice