**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| BARUCH VEGA,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | ) | No.: 07-685<br>(Senior Judge Merow) |

**PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO SET ASIDE JUDGMENT AND ORDER OF DISMISSAL**

Plaintiff, BARUCH VEGA ("Mr. Vega"), pursuant to 60(b) of the Rules of the Court of Federal Claims files this Reply and states:

Defendant raised several points which are not relevant to the Motion to Set Aside Judgment and Order of Dismissal, but may have **been** relevant (but not persuasive) to the matters surrounding the Motion to Dismiss already adjudicated by this Honorable Court. Defendant in essence is now attempting to revisit and persuade this Court to reconsider the decision allowing Mr. Vega to amend his complaint. Therefore, that portion of Defendant's Response to the Motion to Set Aside Judgment relating to the Motion to Dismiss are moot and will not be addressed herein.

**I. Plaintiff has demonstrated "Excusable Neglect"**

The finding of excusable neglect is determinable on a case by case basis. A Court should evaluate all relevant circumstances surrounding the omission. *Pioneer Investments Services Company v. Brunswick Associates Limited Partnership*, 507 U.S. 380 (1993). It is understood that excusable neglect encompasses situations which non compliance with a deadline is

attributable to negligence. *Pioneer Investments* at 394. Since it is an equitable consideration, courts are required to carefully balance the following: "(1) the danger of prejudice to the nonmoving party, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the control of the movant, and (4) whether the movant acted in good faith." *Secure Technologies International v. Block Spam Now, L.L.C.*, 2004 WL 2005787 (D.Kan)(citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. L.P.*, 507 U.S. 380 (1993). Finally, a district court should look at whether the moving party has a meritorious claim.

**a. The danger of prejudice to the nonmoving party.**

The reinstatement of the instant action does not prejudice the Defendant in any way. In its response to Mr. Vega's motion to set aside judgment, the Defendant argues it "cannot prepare for a case that Mr. Vega has set not forth, and discovery is made extremely difficult by this lapse between the time that plaintiff's claims first arise and his eventual articulation of his claims." Defendant's Response, p. 2. However, Mr. Vega submits that if this Honorable Court reinstates the instant action, the Defendant's will be in no better nor worse position as they were prior to the entry of final judgment. The lapse of time from March 26, 2008 to present should not create any additional difficulties in discovery or preparation of the case. In essence, setting aside the default judgment and reinstating this action will put the Defendant in the same position they were just a few months ago.

**b. The length of the delay and its potential impact on judicial proceedings.**

Due to technical difficulties beyond Mr. Vega and his counsel's control (discussed at length *infra*), undersigned did not receive the March 26, 2008 Order nor the May 7, 2008

Scheduling Order. It was not until June 12, 2008 that undersigned first learned of the March 26, 2008 order granting Mr. Vega leave to amend and the May 7, 2008 Scheduling Order.

Immediately upon learning of the above two orders, on July 3, 2008, Mr. Vega, through his counsel, filed his Motion to Set Aside Judgment, only twenty (20) days had elapsed since learning of the judgment of dismissal.

Courts have distinguished "marginal" delays from delays that would thoroughly disrupt the orderly disposition of cases in the judicial process. *Union Pac Railroad v. Progress Rail Serv.*, 256 F.3d 781 (8th Cir. 2001).

"There is much more reason for liberality in reopening a judgment when the merits of the case never have been considered than there is when the judgment comes after a full trial on the merits." *Standard Enterprises, Inc. v. Bag-It, Inc.*, 115 F.R.D. 38, 39 (S.D.N.Y. 1987)(citing C. Wright A. Miller, 11 *Federal Practice and Procedure* §2857 (1973)). Interests of finality on the merits should give way when considering cases under Rule 60 and default judgments should not be set aside only in extreme cases. *TGI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691 (9th Cir. 2001). Moreover, "[t]he extreme sanction of a default judgment must remain a weapon of last, rather than first, resort, which should only be imposed upon a serious showing of willful default." *Bag-It, Inc.*, 115 F.R.D. at 39.

**c. The reason for the delay, including whether it was within the control of the movant.**

During the period of March 2008 through June 2008, undersigned counsel's law office was experiencing technical difficulties with their computers in connection with the office's "spam blocker" software, including the Firm's email inboxes. The Firm's entire system, including the undersigned counsel and his secretary's e-mail inboxes, were being bombarded with "spam" e-mails; in as much as approximately 1000 emails in a twenty-four (24) hour

period. During the March 2008 through June 2008 period, the undersigned's IT technicians worked on this problem (please refer to affidavit of technician attached to initial motion to set aside judgment). The spam predicament lead to viruses to several of the Firm's computers which lead to the need to quarantine those computers and ultimately required their replacement. As a result of these malfunctions, neither the March 26, 2008 Order granting Mr. Vega leave to amend nor the May 7, 2008 Scheduling Order were delivered electronically, via email to undersigned; alternatively, they may have been inadvertently quarantined by the technician as "spam" and deleted. It was not until the entry and receipt of the June 12, 2008 Order granting the Government's motion to dismiss, that undersigned counsel first learned of the previous orders and the then status of the case.

Since electronic filing is a novelty, there isn't any case law on all fours. However, in the case of *Bag-It, Inc.* 115 F.R.D. 38 (S.D.N.Y. 1987)[1], the defendant-- Bag-It, Inc., received plaintiff—Standard Enterprises, Inc.'s complaint via U.S. Mail. *See Id.* at Pg. 39. The Court found that "Bag-It routinely receives a large volume of junk mail [physical U.S. Mail] which, according to the company president, it sometimes let sit unopened for as long as a month." *Id.* In *Bag-It*, the plaintiff's complaint was placed in a "junk mail" pile from September through October; during which time a default judgment was entered in favor of plaintiff. *See Id.* The court in *Bag-It* found that "Bag-It's actions cannot be properly deemed 'willful.'" *Id*. Moreover, the Court stated "Bag-It's actions can certainly be deemed careless and negligent, but it would be going too far to call the default "Willful." *Id.* The Court in *Bag-It* reopened the case and set aside the default judgment.

In the instant case, the March 26, 2008 and May 7, 2008 electronic transmittals did not sit in a pile of junk mail on someone's desk; unbeknownst to Mr. Vega and his counsel, the

[1] *Bag-It* dealt with actual U.S. Mail, as opposed to the instant case which deals with electronic mail.

notifications were lost in "cyberspace". *Bag-It* differs from this case in that in *Bag-It,* the filings were actually received, and the overt act of its president allowed them to remain untouched and sit on a desk. The Court therein held that while careless, it was not willful and thus, found excusable neglect. In this case, excusable neglect is clear. The failure to receive the Court's notification of the March 26, 2008 and May 7, 2008 was something beyond Mr. Vega's and undersigned counsel's control. What occurred with the emails was not even careless, reckless or poor judgment on Mr. Vega or his counsel's part. At all times material hereto, undersigned had a spam blocker and antivirus in place. Notwithstanding having protective software in place, it failed. Therefore, there was little reason to believe or expect that the Firm's system would be exposed to what happened. As soon as the problems were first encountered, undersigned immediately contacted the Firm's IT resources and actively began working on correcting the issues. Unfortunately, the problems escalated to the point where viruses took over several of the computers. Ultimately, the technological issues were resolved, where after the June 12, 2008 Order was received. Upon receipt of same, undersigned counsel searched the docket and it was only then that the March 26, 2008 and May 7th, 2008 Orders were discovered. Time and money were invested to correct the problems that the Firm was experiencing until resolved. It is not unheard of that from time to time things like this occur, even in this "high tech" age. It has been said that for every spam blocker created there is a hacker that ultimately breaks through causing chaos to the exposed computer system. That is why new programs, computer software and hardware are continuously invented. What happened in this case cannot be said to be "willful" and certainly Mr. Vega should not pay the ultimate price by losing his rights to bring forth his case, which would result in a windfall to the defendant. These were circumstances beyond Mr. Vega and his counsel's control.

**d. Whether the movant acted in good faith.**

As noted above, the facts leading up to the lapse in compliance with the deadline are tantamount to excusable neglect. Nothing herein could be interpreted as intentional, careless or reckless by Mr. Vega or his attorney. To the contrary, immediately upon learning of the issue, undersigned counsel searched the docket and filed a motion to set aside judgment and order of dismissal, along with affidavits from undersigned counsel and the Firm's IT contractor. This was done twenty days after the entry of Order of dismissal. At least one case has held that twenty-four days did not constitute a significant delay. *Bateman v. United States Postal Service,* 231 F.3d 1220 (9th Cir. 2000). Thus, the twenty days herein should pass muster.

**e. Meritorious Defense**

Mr. Vega's claim is meritorious. This Honorable Court has received argument of counsel for both parties, entertained and ruled on the filing of Plaintiff's pleading. This Court ruled that the Plaintiff would be able to amend his complaint. Thus, by implication, Plaintiff's claim is meritorious; however, must be better pled. Specifically, Plaintiff must cite to the correct statute in order to properly bring this claim before the Court and proceed therefrom.

**Conclusion**

Based on the foregoing, it is respectfully submitted that Mr. Vega has demonstrated excusable neglect and that this Honorable Court should grant Plaintiff's Motion to Set Aside Judgment and Order of Dismissal, and reinstate the instant action as to allow Plaintiff five (5) days to amend his Complaint and move forward with the merits of the case.

Respectfully submitted;

s/ Richard J. Diaz, Esq.
Richard J. Diaz, Esq.
Attorney for Plaintiff
Richard J. Diaz, P.A.
3127 Ponce De Leon Blvd.
Coral Gables, FL 33134
(305) 444-7181

**CERTIFICATE OF SERVICE**

I hereby certify that on this 4th day of August, 2008, a copy if the foregoing was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may otherwise access this filing through the Court's system.

s/ Richard J. Diaz, Esq.
Richard J. Diaz, Esq.
Attorney for Plaintiff
Richard J. Diaz, P.A.
3127 Ponce De Leon Blvd.
Coral Gables, FL 33134
(305) 444-7181