**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| BARUCH VEGA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 07-685 |
| | ) | (Senior Judge Merow) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**DEFENDANT'S MOTION FOR LEAVE TO FILE**
**SUR-REPLY, OR, IN THE ALTERNATIVE, MOTION TO STRIKE**

Defendant, the United States, respectfully requests leave of Court to file a sur-reply to address new issues raised in plaintiff Baruch Vega's reply to the Government's response to plaintiff's motion to set aside judgment and order of dismissal. Counsel for defendant attempted to contact plaintiff's counsel with respect to this motion on August 15, 2008, but has received no response from plaintiff's counsel as to whether he opposes this motion.

In our response to plaintiff's motion to set aside judgment and order of dismissal, we pointed out that, pursuant to the relevant case law, Mr. Vega had failed to meet his burden of establishing that this Court's judgment should be set aside. Apparently conceding the deficiencies in his initial motion, Mr. Vega has introduced new arguments in its reply. Because Mr. Vega did not present these arguments in his initial motion, the Government has not had an opportunity to address many of these arguments.

The Government proposes to file a sur-reply limited in scope to those new contentions raised in Mr. Vega's reply. The Government has no intention of revisiting any of the other issues that have already been briefed in their entirety.

A request to file a sur-reply is normally granted "when a party is 'unable to contest matters presented to the court for the first time' in the last scheduled pleading." Ben-Kotel v. Howard Univ., 319 F.3d 532, 536 (D.C. Cir. 2003) (quoting Lewis v. Rumsfeld, 154 F. Supp. 2d 56, 61 (D.D.C. 2001)); accord United States v. Diabetes Treatment Ctrs. of Am., Inc., 238 F. Supp. 2d 270, 276-77 (D.D.C. 2002). In this case, a sur-reply is warranted, because Mr. Vega advanced his actual arguments in his reply brief, where no responsive brief is allowed as a matter of right. In opposing the Government's motion for leave to file a sur-reply under these circumstances, Mr. Vega seeks to insulate its new arguments from challenge by preventing the Government from commenting upon them. This litigation tactic would foreclose comprehensive briefing on an important issue in this case, and it should not be indulged.

In the alternative, to the extent that the Court denies our motion for leave to file a sur-reply, we respectfully request that the Court strike plaintiff's new arguments. Generally, the Court will not consider arguments that are raised for the first time in a reply brief. Arakaki v. United States, 62 Fed. Cl. 244, 246 n.9 (2004) ("The court will not consider arguments that were presented for the first time in a reply brief or after briefing was complete.") (citing Novosteel SA v. United States, 284 F.3d 1261, 1274 (Fed. Cir. 2002)). While the filing of a sur-reply might serve to mitigate the harm of presenting his principal arguments in his reply brief, to the extent that no sur-reply is permitted, the Government would be unfairly prejudiced by permitting plaintiff to raise new contentions in reply.

For the foregoing reasons, the Government seeks leave of Court to file a sur-reply limited to the new contentions raised in Mr. Vega's reply. A copy of our proposed sur-reply is appended to this motion.

Respectfully submitted,

GREGORY G. KATSAS
Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/ Deborah A. Bynum
DEBORAH A. BYNUM
Assistant Director

s/ Steven M. Mager
STEVEN M. MAGER
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor, 1100 L Street, NW
Washington, D.C. 20530
Tele: (202) 616-2377

August 18, 2008 Attorneys for Defendant

**CERTIFICATE OF FILING**

I hereby certify that on the 18th day of August 2008, a copy of "DEFENDANT'S MOTION FOR LEAVE TO FILE SUR-REPLY, OR, IN THE ALTERNATIVE, MOTION TO STRIKE" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Steven M. Mager
STEVEN M. MAGER
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice