**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| BARUCH VEGA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 07-685 |
| | ) | (Senior Judge Merow) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**DEFENDANT'S SUR-REPLY TO PLAINTIFF'S REPLY TO RESPONSE TO MOTION TO SET ASIDE JUDGMENT AND ORDER OF DISMISSAL**

Pursuant to Rule 60(b) of the Rules of the United States Court of Federal Claims ("RCFC"), defendant, the United States, respectfully submits its sur-reply to plaintiff Baruch Vega's reply to defendant's response to the motion to set aside judgment and order of dismissal.[1] Because Mr. Vega's reply fails to demonstrate that this Court should set aside the judgment and order of dismissal, we respectfully request that the Court deny plaintiff's motion.

**I. Mr. Vega Fails To Demonstrate Excusable Neglect**

In support of his argument that the failure to respond to this Court's two orders was merely excusable neglect, Mr. Vega's reply relies heavily upon Standard Enterprises, Inc. v. Bag-It, Inc., 115 F.R.D. 38, 39 (S.D.N.Y. 1987).[2] This case, however, is distinguishable from the Mr. Vega's situation here. Significantly, Bag-It, Inc. involved the entry of default judgment based upon the failure of a defendant to receive the complaint initiating litigation against the

[1] As noted in our motion for leave to file a sur-reply, we have restricted this sur-reply to matters not previously addressed in our response. Accordingly, where our response adequately addresses an otherwise new contention, we have not supplemented our response.

[2] Plaintiff does not address the cases cited by the Government involving the failure to receive notice of a court order because of electronic spam filters.

defendant. In Bag-It, Inc., the defendant seeking relief was not aware that he was involved in litigation until after the entry of a default judgment against him, and accordingly could not be expected to keep himself reasonably apprized of the status of the litigation.[3] In contrast, Mr. Vega was fully aware that he was involved in the present litigation, and that there were pending motions before this Court. Specifically, Mr. Vega was aware that there was a pending motion to dismiss, and he was aware that there was a pending motion to amend. Despite this, Mr. Vega failed to check his spam filter or to monitor the Court's docket in any way, even after allegedly receiving notice from other parties that legitimate e-mails were being intercepted by the spam filter. Further, in contrast with Bag-It, Inc., this Court did not merely enter default, but also ruled upon the merits of the Government's motion to dismiss.

Mr. Vega makes a variety of new factual and speculative allegations in his reply, unsupported by any affidavits. Such allegations, are not properly before this Court.

For example, Mr. Vega contends that the Court's orders were "lost in cyberspace." Pl. Reply at 4-5. Mr. Vega's affidavits, however, do not support this contention. If the orders were rejected by plaintiff's computer, the clerk should have received notice that its electronic notice was not returned and not received.[4] See generally American Boat Co., Inc. v. Unknown Sunken Barge, 2008 WL 1821500 (E.D.Mo. 2008) (discussing CM/ECF notice systems and "bounce back"). If the orders were received by the spam filters, plaintiff was in a position to review them

---

[3] In addition, the defendant in Bag-It, Inc. took action 1 day, rather than 20 days, after receiving notice of the complaint.

[4] The clerk's office at the Court is in the best position to determine if this was the case.

prior to deletion. Def. Resp. App. 2, 5, 6, 8. There is no support for the notion that the Court's orders were "lost" in an electronic nether realm.

Nor do the affidavits support the new more specific contention that the firm of counsel for the plaintiff received "approximately 1000 emails in a twenty-four (24) hour period." Compare Pl. Reply 3-4 with Diaz Aff. Even assuming that this were true, however, this only serves to justify the installation of a new spam filter,[5] not the failure to monitor it for false positives or, in the alterative, to monitor the Court's docket. This Court entered two different orders, and gave Mr. Vega adequate time to respond, prior to the entry of judgment. Mr. Vega was aware that e-mails had been compromised, but took not action to ensure the proper receipt of this Court's orders.

## II. Mr. Vega Makes No Showing Of A Meritorious Defense

As noted in our prior motion, Mr. Vega completely fails to demonstrate a meritorious defense. Rather than respond to this argument and present some proffer or hint of an allegation that his right to relief rises above the speculative level, plaintiff argues that he does not need to provide a meritorious defense, because he may amend his complaint as of right. Pl. Reply 1, 6. Mr. Vega is incorrect.

It is well settled that the right to amend a complaint once as a matter of right ends with entry of judgment dismissing the action. See Swan v. Board of Higher Ed. of City of New York by Rosenberg, 319 F.2d 56, 60-61 (2nd Cir. 1963); Feddersen Motors v. Ward, 180 F.2d 519, 523 (10th Cir. 1950). Accordingly, Mr. Vega is required to file a motion for relief from the

[5] Indeed, it does not follow that 1,000 e-mails were received each day between March and May 2008 simply because such a problem existed in early March 2008.

judgment,[6] and to meet the standards for such motion. In order to be granted relief from the judgment, Mr. Vega must demonstrate a meritorious defense to the entry of judgment. See American Metals Service Export Co. v. Ahrens Aircraft, Inc., 666 F.2d 718, 720 (1st Cir. 1981). Mr. Vega failed to do so.

For these reasons, we respectfully request that the Court deny plaintiff's motion to set aside judgment and order of dismissal.

Respectfully submitted,

GREGORY G. KATSAS
Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/ Deborah A. Bynum
DEBORAH A. BYNUM
Assistant Director

s/ Steven M. Mager
STEVEN M. MAGER
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor, 1100 L Street, NW
Washington, D.C. 20530
Tele: (202) 616-2377

August 18, 2008

Attorneys for Defendant

[6] Mr. Vega might also have filed a motion for reconsideration, pursuant to RCFC 59. Mr. Vega's motion, however, was submitted after the 10-day time limit to seek reconsideration.

**CERTIFICATE OF FILING**

I hereby certify that on this 18th day of August, 2008, a copy of the foregoing "DEFENDANT'S SUR-REPLY TO PLAINTIFF'S REPLY TO RESPONSE TO MOTION TO SET ASIDE JUDGMENT AND ORDER OF DISMISSAL" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Steven M. Mager
STEVEN M. MAGER
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice