# In the United States Court of Federal Claims

No. 07-685 C
(Filed August 18, 2008)

| | |
|---|---|
| BARUCH VEGA, | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) |
| THE UNITED STATES, | ) |
| Defendant. | ) |

## ORDER

Pursuant to RCFC 60(b), plaintiff seeks relief from the judgment entered on June 16, 2008, dismissing his Complaint, filed September 21, 2007. The Complaint sought an award, pursuant to 19 U.S.C. § 1619, of twenty-five percent of the appraised value of properties forfeited to the United States as an asserted result of plaintiff's service as a confidential informant for the Federal Bureau of Investigation ("FBI") and the Drug Enforcement Administration ("DEA"). Defendant moved to dismiss the complaint asserting that U.S.C. 19 § 1619 does not cover assistance to the FBI or the DEA and no specific customs law events it would cover were pleaded.

The June 16, 2008 judgment resulted from the Order, filed June 12, 2008, granting Defendant's Motion to Dismiss.

In plaintiff's response to Defendant's Motion to Dismiss, plaintiff argued that his case should be allowed to proceed under 19 U.S.C. § 1619, but if not, he proposed to seek leave to amend his complaint "to simply change the statute sued under from 19 U.S.C. § 1619 to 28 U.S.C. § 524." (Pl.'s Resp. Mot. Dismiss 3.) Defendant's Reply to Plaintiff's Response argued that an amendment to assert a claim pursuant to 28 U.S.C. § 524 would be futile. (Def.'s Reply 1-2.)

Rather than immediately rule on defendant's fully-briefed motion to dismiss, an order was issued on March 26, 2008, noting that plaintiff, in responding, had proposed filing an amended complaint. The order established April 18, 2008, as a deadline for such a filing. The order also noted plaintiff did not require leave to file an amended complaint as defendant's motion to dismiss was not a "responsive

pleading" within the meaning of RCFC 15(a). *Cuyahoga Metro. Housing Auth. v. United States*, 57 Fed. Cl. 751, 780 (2003). That is, plaintiff's response to Defendant's Motion to Dismiss could have included an amended complaint, had plaintiff so chosen to proceed.

On May 7, 2008, a second order was issued noting that the April 18, 2008 deadline for any amended pleading had passed with no filing. The deadline for an amended complaint was enlarged until May 23, 2008 and plaintiff warned that failure to act "may result in an involuntary dismissal pursuant to RCFC 41(b)."

On June 12, 2008, in the absence of any further submission by plaintiff, an order was issued reciting the circumstances cited above and granting Defendant's Motion to Dismiss pursuant to RCFC 12(b)(6), on the basis that plaintiff's complaint failed to state a claim upon which relief can be granted. The order also stated that dismissal can be supported under RCFC 41(b) in view of plaintiff's actions in proposing to file an amended complaint, but not responding when provided substantial additional time for this pleading.

Plaintiff now seeks relief from the judgment entered on June 16, 2008, based on the assertion that he did not actually obtain electronic notification of the orders issued on March 26 and May 7, 2008. This is explained as due to the operation of "spam blocker" software in the offices of plaintiff's counsel during this period.

The March 26, 2008 Order set an April 18, 2008 deadline for an amended pleading plaintiff had indicated, in his opposition to defendant's motion, that he might file. Pursuant to RCFC 15(a), plaintiff could file such a pleading at any time prior to defendant filing a responsive pleading. The May 7 Order extended the deadline for this pleading until May 23, 2008. In the absence of an amended pleading, Defendant's Motion to Dismiss was fully briefed. Plaintiff had responded (February 22, 2008) and defendant had replied (March 10, 2008). Thus, without knowledge of the March 26 and May 7, 2008 Orders, plaintiff was aware, or should have been aware, that there existed a fully briefed motion to dismiss his complaint and that he had a right, pursuant to RCFC 15(a) to file an amended complaint.

Accordingly, any lack of knowledge as to the March 26 and May 7 Orders could have absolutely no bearing on the ruling in the June 12, 2008 Order granting Defendant's Motion to Dismiss pursuant to RCFC 12(b)(6) for plaintiff's failure to

state a claim upon which relief can be granted. As the briefing on defendant's motion was completed by March 10, 2008, a ruling at any time thereafter should have been expected.

Without knowledge of the March 26 and May 7 Orders, the RCFC 41(b) alternative dismissal ground stated in the June 12, 2008 Order could have surprised plaintiff's counsel, but should not have had this result. Parties have an obligation to monitor the court's docket to inform themselves as to the entry of orders. *U.S. ex rel. McAllan v. City of New York*, 248 F.3d 48, 53 (2nd Cir. 2001); *McMillian v. District of Columbia*, 233 F.R.D. 179, 181-82 (D.D.C. 2005). This would be particularly the case if an attorney's office was having problems with the receipt of electronic service. Failure to receive electronic notice of the entry of orders is not an acceptable basis on which to seek to alter a final judgment. In *Fox v. American Airlines*, 389 F.3d 1291, 1294 (D.C. Cir. 2004), the court stated, with respect to the impact of a local rule providing that the court may treat a motion as conceded if no timely opposition is filed:

> [2,3] In defending their failure to comply with Local Rule 7(b), the appellants offer nothing but an updated version of the classic "my dog ate my homework" line. They claim that, as the result of a malfunction in the district court's CM/ECF electronic case filing system, their counsel never received an e-mail notifying him of American's motion to dismiss their amended complaint. Imperfect technology may make a better scapegoat than the family dog in today's world, but not so here. Their counsel's effort at explanation, even taken at face value, is plainly unacceptable. Regardless whether he received the e-mail notice, he remained obligated to monitor the court's docket.

*See also Laster v. District of Columbia*, 439 F. Supp.2d 93, 100 (D.D.C. 2006).

Plaintiff did not face a situation where there was any defect in the court's docket entry of the orders concerned or in the transmission of an electronic notice of filing. In *Hollins v. Department of Corrections*, 191 F.3d 1324, 1328 (11th Cir. 1999), the PACER system failed to record a final judgment so that although counsel regularly monitored the docket record on PACER he did not obtain knowledge of the order and his untimely filing of an appeal was excused. Here, there is no indication that, despite his spam blocker problems, counsel in any manner, monitored the court's

docket such as by utilizing PACER or contacting the clerk's office. In the absence of any monitoring, plaintiff's RCFC 60(b) motion could simply be denied. *Fox v. American Airlines*, 389 F.3d at 1296.

However, recognizing that counsel did not actually obtain knowledge of the RCFC 41(b) warning contained in the May 7, 2008 Order, it is concluded that the June 12, 2008 Order should be considered hereby modified to negate RCFC 41(b) as an alternative basis for dismissal.

Thus it is **ORDERED**:

(1) That plaintiff's motion, filed July 3, 2008, is **GRANTED** only to the extent that the judgment, entered on June 16, 2008, shall not be set aside, but shall be considered as entered pursuant to RCFC 12(b)(6), and not also entered pursuant to RCFC 41(b);

(2) That except to the extent granted pursuant to (1), plaintiff's motion, filed July 3, 2008 is, otherwise **DENIED**.

s/ James F. Merow
James F. Merow
Senior Judge